MARY C. CAPELLE ET AL. V. WM. F. WIEMAN ET AL.

RIGHTS OF PARTIES TO PROPERTY AFTER DEATH OF LIFE TENANT.
When a life tenant dies during the term, an equitable distribution among all the claimants, of rent due after the death of said tenant will not be set aside.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**J. R. Von Seggern,** for plaintiffs in error.
**Furber & Jackson,** for defendants in error.

**GIFFEN, J.**

This action was commenced to recover $20.15 received by the defendants as rent under the following circumstances:

Henry Wieman devised the premises to his widow, Mary Wieman, for life with remainder to plaintiffs. The rent was due and payable from one of the tenants on the fifteenth of each month, and from the other tenants on the first of each month. Mary Wieman, the life tenant, died on the twelfth day of November, 1905. The monthly rent due and payable on the fifteenth of November and the first of December following was collected by the defendant, W. F. Wieman, and apportioned between the plaintiffs and the defendant, as executor of the last will and testament of Mary Wieman, deceased.

At common law when the life tenant dies during the term, neither party could recover any portion of the rent; by statute in England and some of the states, the rent is apportioned among such claimants. But no such statute prevails in Ohio, and the rent having been apportioned between the plaintiffs and the defendant executor according to principles of natural justice and equity, the former were not entitled to any relief, and the judgment dismissing their petition will be affirmed. *Van Hayes* v. *West,* 2 Circ. Dec. 37 (3 R. 64).

**Swing** and **Smith, JJ.,** concur.